# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZHAORUI SONG and YING SONG, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. _____ |
| vs. ) | |
| ) | |
| HOUSING AUTHORITY OF INDIANA ) | JURY TRIAL DEMANDED |
| COUNTY; HOLLY HALL, Individually ) | |
| and/or as Agent for Housing Authority of ) | |
| Indiana County; and LAMONICA L. ) | |
| DEYARMIN, Individually and/or as Agent ) | |
| for Housing Authority of Indiana County, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT ON BEHALF OF PLAINTIFFS ZHAORUI SONG AND YING SONG**

### I.

### NATURE OF ACTION

1.  Plaintiffs, residents of Indiana County, Pennsylvania, bring this action seeking declaratory and injunctive relief, and actual, compensatory, and punitive damages for violations of their statutory right to equal housing opportunity without regard to race, color, religion, and national origin, and the intentional denial of access to federal housing assistance due to their national origin status.

### II.

### JURISDICTION

2.  This action arises under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(d) *et seq.*, the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601

*et seq.*, ("FHAA"), the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982, and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq*.

3. Jurisdiction is conferred on this Court by virtue of 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(4), 28 U.S.C. § 2201, and 42 U.S.C. § 3613 (a).

## III.

## VENUE

4. Venue is properly in this District pursuant to 28 U.S.C. § 1391 (b) in that the actions underlying the complaint took place in this judicial district.

## IV.

## PARTIES

5. Plaintiff, Zhaorui Song, ("Z. Song"), is an adult individual and legal resident of the United States of America and currently resides at 39 Regency Square Apartments, Indiana, Pennsylvania 15701.  At all times pertinent to this Complaint and through the current date, Z. Song, who was born in China and immigrated to the United States of American in 2008, does not speak or understand English.

6. Plaintiff, Ying Song, ("Y. Song"), is an adult individual and legal resident of the United States of America and currently resides at 39 Regency Square Apartments, Indiana, Pennsylvania 15701.  Y. Song is the adult daughter of Z. Song.  At all times pertinent to this Complaint and through the current date, Y. Song, who was born in China and immigrated to the United States of America in 2008, has limited understanding of English.

7. Defendant, Housing Authority of Indiana County ("Housing Authority"), is a public housing authority that is funded by the Department of Housing and Urban

Development ("HUD") and is located at 104 Philadelphia Street, Indiana, Pennsylvania 15701. The Plaintiffs are participants in the Section 8 Rental Assistance Program managed by the Housing Authority. All named individual Defendants involved in this matter are employees of the Housing Authority.

8. Defendant, Holly Hall, ("Hall"), is an adult individual and is a citizen of the United States of America and currently works for the Housing Authority of Indiana County of Pennsylvania located at 104 Philadelphia Street, Indiana, Pennsylvania 15701. At the time of the events occurred, Hall was the Section 8 Coordinator for the Housing Authority of Indiana County. Currently, Hall is the Interim Executive Director of the Housing Authority of Indiana County.

9. Defendant, Lamonica L. Deyarmin, ("Deyarmin"), is an adult individual and is a citizen of the United States of America and currently works for the Housing Authority of Indiana County located at 104 Philadelphia Street, Indiana, Pennsylvania 15701. At the time of the events occurred, Deyarmin worked in the Section 8 housing department for the Housing Authority of Indiana County. Currently, Deyarmin is the Section 8 Coordinator for the Housing Authority of Indiana County.

V.

**FACTS**

10. Z. Song and Y. Song, who are Chinese and have limited English proficiency, have participated in the Housing Choice Voucher Program, better known as the Section 8 Voucher program, since 2009, and have resided at the Regency Square Apartments since 2009. Without the assistance provided by their Section 8 Voucher, Z. Song and Y. Song could not afford the market rental on their residence.

11. In 2010, the Songs successfully completed the Section 8 Voucher recertification process without difficulty.

12. The Songs' income did not significantly change between 2010 and 2011.

13. Hall began handling the Song's recertification process in 2011.

14. Defendants knew that the Songs had immigrated to Indiana, Pennsylvania from China, and that their English comprehension was limited, but made no attempts to assist and explain to the Songs the recertification process and the items needed for recertification.

15. The Defendants provided mandating recertification forms to Z. Song in English only, pointed to him where to sign, and gave him a copy in English only.  The Defendants never explained to Z. Song the content of the forms or had to the forms translated.  Z. Song had to ask a friend, who was also of limited English proficiency, to explain to him what he had signed.

16. Prior to the recertification process beginning in July 2011, Z. Song received a letter from the Defendants notifying him that his rent would be increased.  With assistance from a friend, Z. Song inquired from the Defendants the reason the Songs' rent was increased.  The Defendants refused to explain to Z. Song the reasoning for the increase in the rent amount.

17. During the renewal process beginning in July 2011, Z. Song and Y. Song supplied all income and expense documentation requested by the Housing Authority to the best of their understanding, despite the fact that all of these requests were made in English only.

18. In July 2011, Y. Song met with Deyarmin to complete the household expense form.

19. Y. Song had numerous questions for Deyarmin about the household expense form, but instead of answering Y. Song's questions, Deyarmin filled out the form for Y. Song and pointed Y. Song to where she wanted it signed.

20. This form completed by Deyarmin contained incorrect information about the Songs' finances.

21. From July 2011 to October 2011, the Housing Authority made three (3) requests, through letters drafted in English and mailed to the Songs, of Z. Song and Y. Song for the purpose of verifying their income, each time asking for additional household bills and other financial information. Z. Song and Y. Song complied with all requests to the best of their understanding.

22. The Defendants, knowing the limited abilities of the Songs, never tried to explain or offer forms printed in Mandarin Chinese. Instead, the Defendants sent another letter in English requesting more financial documents.

23. At no point did the Defendants seek to ensure that the Songs understood the reasoning for the additional requests.

24. Knowing that Y. Song received financial aid as a student at Indiana University of Pennsylvania (IUP), the Defendants repeatedly demanded from Y. Song a twelve (12) month print out showing how the student aid was being spent, even after Y. Song and IUP submitted this documentation upon Defendants original request.

25. The Defendants accused Y. Song of being employed by Sprint when they learned that Y. Song received a 14% discount on her cellular phone bill. Y. Song received this discount because she was a student at IUP and not an employee of Sprint.

26. Despite Z. Song and Y. Song's repeated good faith efforts to comply with the documentation requests and the obvious communication barrier causing Z. Song and Y. Song to misunderstand the cause of the problems with their income recertification, at no point did the Housing Authority provide translated documents, offer to provide a translator, or inquire as to whether the Songs understood that they were entitled to make such a request.

27. Z. Song and Y. Song enlisted the aid of friends and family, who also have limited English proficiency, to translate documents provided by the Housing Authority, and often signed documents without fully understanding what they were signing to ensure their continued access to stable housing.

28. On December 9, 2011, an informal conference was held between Z. Song, Y. Song and the Housing Authority.

29. This informal conference was held in English and all documentation from the Housing Authority given to Z. Song and Y. Song was printed in English.

30. The Housing Authority did not provide a translator for the informal conference, instead Z. Song and Y. Song were forced to rely on a friend to translate during the entire informal conference.

31. On January 3, 2012, the Housing Authority sent a letter in English to Z. Song and Y. Song which terminated Z. Song and Y. Song's participation in the HUD Section 8 program.

32. The January 3, 2012, letter upheld the grievance decision that was issued following the December 9, 2011, informal conference, and terminated the Plaintiffs from the HUD Section 8 program for allegedly "…failing to report financial support estimating

6

approximately $28,520.75 plus $5,831.36 of credit card payment averaging $485 in monthly payments." Allegedly, this equated to a violation of the "Family Obligation" that is listed on the Housing Choice Voucher Form.

33. Even though the Songs showed all expenses and income, and the Defendants understood that student loans were not to be considered financial support, the Housing Authority maliciously counted the student loan as income.

34. Housing Authority had no reason to question whether money paid directly to IUP constituted a student loan.

35. Housing Authority's decision to terminate Z. Song and Y. Song from the HUD Section 8 program was appealed to the Court of Common Pleas of Indiana County.

36. During the entire renewal process the Housing Authority never provided any notice to Z. Song and Y. Song in their native language. The Housing Authority never provided an interpreter for Z. Song and Y. Song for any of the hearings or meetings until a Court Order on February 10, 2012, required them to do so and the interpreter was only used during the hearing held before Donna Franks, a hearing officer employed by the Housing Authority.

37. The Court of Common Pleas of Indiana County remanded the case back to the Housing Authority and required a *de novo* hearing, which was held in April 2012.

38. During this hearing, again heard before Donna Franks, Franks acted more as advocate for the Defendants than an impartial fact finder, thus preventing the Songs from being heard by an impartial judge.

39. Following the hearing in April of 2012, Donna Franks, decided in favor of the Housing Authority.

40. In her decision, Donna Franks accused Z. Song and Y. Song of being able to understand English when she had no evidence or basis to draw such a conclusion.

41. On July 3, 2012, the Court of Common Pleas of Indiana County affirmed the decision of Donna Franks without a hearing or argument from the parties.

42. In August 2012, Z. Song and Y. Song filed a complaint with HUD.

43. After filing the Complaint with HUD, the attorneys for Z. Song and Y. Song determined that the staff at the Housing Authority made a mathematical error in calculating the Song's income, to the detriment of the Songs

44. The attorneys for the Songs brought the matter to the attention of the Housing Authority, but they refused to correct the error.

45. During all times pertinent to this Complaint, the Songs have been threatened with termination from the Section 8 Voucher program and constructive eviction due to the failure and refusal of the Defendants to provide documents and to conduct recertification proceedings with the translation service necessary to enable active and meaningful participation by the Songs.

46. During all times pertinent to this Complaint, the Housing Authority had access to all the documents in Mandarin Chinese through the HUD website, but chose not to provide them to the Songs.

47. On information and belief, the Defendants were aware of the Song's inclusion in the protected class of national origin status.

48. On information and belief, Defendants discriminated in the terms and conditions in the rental of housing contrary to that required by 42 U.S.C. § 3604 (b) and 43 P.S. § 955 (h)(3), in that the Song's lease and all pertinent information was in English.

8

49. On information and belief, Defendants discriminated in terminating the Songs' from participating in the Section 8 Voucher program in violation of 42 U.S.C. § 3617 and 43 P.S. § 955 (h)(3), in that the Songs' were denied housing and terminated based upon their protected class of national origin status.

50. As a direct result of the willful and intentional conduct of the Defendants, the Songs' have suffered extreme humiliation and emotional distress, in that they were made to feel inadequate and inconsequential as persons, unacceptable as tenants, and terminated, all such action and actions being predicated upon their standing as members of the protected class of national origin status.

## VI.

## **INJURY TO PLAINTIFF**

51. The allegations of the preceding paragraphs 1 through 50 are incorporated by reference herein with the same force and effect as if set forth in full.

52. Z. Song and Y. Song have suffered distinct and palpable injuries as a consequence of the above-described actions of the Defendants.

53. The Defendant's above-described actions, which unreasonably and illegally discriminated against and threatened the Songs with homelessness, caused the Songs to suffer irreparable loss and injury including, but not limited to, humiliation, anxiety and a deprivation of their rights to equal housing opportunities regardless of their national origin status.

# VII.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 3604 (b): DISCRIMINATION IN SALE OR RENTAL OF HOUSING BASED ON NATIONAL ORIGIN STATUS – DISCRIMINATORY TERMS

54. The allegations of the preceding paragraphs 1 through 53 are incorporated by reference herein with the same force and effect as if set forth in full.

55. Section 3604 (b) of the FHAA provides that it shall be unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith because of race, color, religion, sex, familial status, or national origin."

56. At all times relevant herein, Defendants' actions constitute discrimination in the terms of housing to the Songs, based upon their standing as members of the national origin status protected class in violation of § 3604 (b), by:

    a. Excluding the Songs from participation in the Section 8 Voucher program by failing to provide readily available translated materials located on the HUD website to the Songs.

    b. Maliciously and willfully excluding the Songs from any meaningful participation in the numerous conferences and hearing held by the Defendants for the determination of continual Section 8 benefits by failing to provide any translation services to the Songs.

57. Defendants' actions were taken with a discriminatory intent, purpose, and motivation.

## SECOND CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 3617:  INTERFERENCE, COERCION OR INTIMIDATION

58. The allegations in the preceding paragraphs 1 through 57 are incorporated by reference herein with the same force and effect as if set forth in full.

59. Section 3617 of the FHAA provides that it shall be unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed…any right granted or protected by…Section 3604…of this title."

60. At all times relevant herein, the actions of Defendants constitute interference, coercion or intimidation against Songs, in the exercise or enjoyment of their rights guaranteed by § 3604 of the FHAA, by the Defendants' actions of terminating the Songs from the Section 8 Voucher program and thus constructively evicting the Songs based upon their protected class of national origin status.

    a. Excluding the Songs from participation in the Section 8 Voucher program by failing to provide readily available translated materials located on the HUD website to the Songs.

    b. Intentionally and maliciously neglecting to provide the Songs with written notices that were in their native language, despite HUD regulations requiring language assistance be provided to individuals with limited English proficiency.

    c. Defendants repeatedly interfered with the Songs' right by excluding the Songs from participation in the recertification process by failing to provide translation services.

61. Defendant's actions were taken with a discriminatory intent, purpose, and motivation.

## THIRD CAUSE OF ACTION

## VIOLATION OF 43 P.S. § 955 (h)(1):  DENIAL OF HOUSING

62. The allegations in the preceding paragraphs 1 through 61 are incorporated by reference herein with the same force and effect as if set forth in full.

63. Pennsylvania State Law, at 43 P.S. § 955 (h)(1) provides that "it shall be an unlawful discriminatory practice…for any person to…deny or withhold any housing accommodation…from any person because of the race, color, familial status,…or handicap or disability of any person…occupant or user of such housing accommodation…or to refuse to lease any housing accommodation…to any person due to…the handicap or disability of an individual with whom the person is known to have a relationship or association."

64. At all times relevant herein, Defendants' actions in terminating the Songs from Section 8 Voucher program without good cause, based upon their protected class of national origin status  have constituted an unlawful discriminatory practice in violation of Pennsylvania State Law, at 43 P.S. § 955 (h)(1) by:

    a. Excluding the Songs from participation in the Section 8 Voucher program by failing to provide readily available translated materials located on the HUD website to the Songs.

    b. Maliciously and willfully excluding the Songs from any meaningful participation in the numerous conferences and hearing held by the Defendants for the determination of continual Section 8 benefits by failing to provide any translation services to the Songs.

    c. Intentionally and maliciously neglecting to provide the Songs with written notices that were in their native language, despite HUD regulations requiring language assistance be provided to individuals with limited English proficiency.

65. Defendants' actions were taken with a discriminatory intent, purpose, and motivation.

## FOURTH CAUSE OF ACTION

## VIOLATION OF 43 P.S. § 955 (h)(3):  DISCRIMINATION IN TERMS/CONDITIONS OF LEASING HOUSING

66. The allegations in the preceding paragraphs 1 through 65 are incorporated by reference herein with the same force and effect as if set forth in full.

67. Pennsylvania State Law, at 43 P.S. § 955 (h)(3) provides that "it shall be an unlawful discriminatory practice…for any person to discriminate against any person in the terms or conditions of selling or leasing any housing accommodation…or in furnishing facilities, services, or privileges in connection with the ownership, occupancy, or use of any housing accommodation…because of the race, color, national origin, etc.."

68. At all times relevant herein, Defendants' actions have constituted an unlawful discriminatory practice, in violation of Pennsylvania State Law, at 43 P.S. § 955 (h)(3), by:

    a. Excluding the Songs from participation in the Section 8 Voucher program by failing to provide readily available translated materials located on the HUD website to the Songs.

    b. Maliciously and willfully excluding the Songs from any meaningful participation in the numerous conferences and hearing held by the Defendants for the

    determination of continual Section benefits by failing to provide any translation services to the Songs.

    c. Intentionally and maliciously neglecting to provide the Songs with written notices that were in their native language, despite HUD regulations requiring language assistance be provided to individuals with limited English proficiency.

69. Defendant's actions were taken with a discriminatory intent, purpose, and motivation.

## FIFTH CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. 2000(d): PROHIBITION AGAINST EXCLUSION FROM PARTICIPATION IN, DENIAL OF BENEFITS OF, AND DISCRIMINATION UNDER FEDERALLY ASSISTED PROGRAMS

70. The allegations in the preceding paragraphs 1 through 69 are incorporated by reference herein with the same force and effect as if set forth in full.

71. 42 U.S.C. 2000(d) prohibits "exclusion from participation in, denial of benefits of and discrimination under federally assisted programs on grounds of race, color or national origin."

72. At all times relevant herein, Defendants' actions have constituted unlawful intentional discrimination, in violation of 42 U.S.C. 2000(d) by:

    a. Intentionally and maliciously refusing to insure that the Songs' understood the recertification process, what information was being requested from the Songs', the explanation for the Songs' termination from the Section 8 program, the Songs' legal rights, and the Songs' right to request assistance due to their limited English proficiency, despite an obvious communication barrier.

b. Intentionally and maliciously excluding the Songs from any meaningful participation in the numerous conferences and hearings held by the Defendants for the determination of continual Section 8 benefits by failing to provide any translation services to the Songs.

c. Intentionally and maliciously neglecting to provide the Songs with written notices that were in their native language, despite HUD regulations requiring language assistance be provided to individuals with limited English proficiency.

73. The Defendants intentionally discriminated against the Songs' due to their limited English proficiency and national origin, resulting in their exclusion from the Section 8 program in violation of 42 U.S.C. 2000(d)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

a) That this Court declare the actions of the Defendants complained of herein to be in violation of Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(d) *et seq.,* the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 *et seq.*, 42 U.S.C. § 2000(d) and the Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*;

b) That this Court order Defendants to take appropriate affirmative actions to ensure that the activities complained of above are not engaged in again by them or any of their agents;

c) That this Court enjoin Defendants from discriminating against any persons on the basis of national origin, familial status, handicapped status, and race, in violation of the Fair Housing Act of 1968, as amended;

d) That appropriate punitive and compensatory damages be awarded to Plaintiffs and against Defendants;

e) That Plaintiffs be awarded their costs and reasonable attorney's fees in this action; and

f) That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff's demand trial by jury on all issues to which it is entitled.

Dated: April 16, 2014

        Respectfully Submitted,

        s/Robert M. Brenner

        Robert M. Brenner, Esq.
        PA ID No. 22444
        Southwestern PA Legal Services
        10 West Cherry Avenue
        Washington, PA 15301
        (724) 225-6170

        s/G. Clayton Nestler

        G. Clayton Nestler, Esq.
        PA ID No. 30774
        Southwestern PA Legal Services
        10 West Cherry Ave.
        Washington, PA 15301
        (724) 225-6170

        s/Kristie L. Horrell

        Kristie L. Horrell, Esq.
        PA ID No. 90626
        Southwestern PA Legal Services
        10 West Cherry Ave.
        Washington, PA 15301
        (724) 225-6170

        <u>s/Todd L. Williams</u>

        Todd L. Williams
        PA ID No. 314539
        Southwestern PA Legal Services
        10 West Cherry Ave.
        Washington, PA 15301
        (724) 225-6170